NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JIAQING LIU,

  Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

  Respondent.

No. 23-2330

Agency No.
A087-839-616

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2024**
Pasadena, California

Before: BYBEE, IKUTA, and BADE, Circuit Judges.

Petitioner Jiaqing Liu petitions for review of the Board of Immigration

Appeals' ("BIA") dismissal of his appeal of an Immigration Judge's ("IJ") denial

of his applications for asylum, withholding of removal, and protection under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). The BIA adopted and affirmed the IJ's adverse credibility determination, citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and concluded that, absent credible testimony, Liu did not meet his burden to establish his claims. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1.      Liu challenges the agency's adverse credibility findings as unsupported by substantial evidence.[1] We review adverse credibility determinations for substantial evidence, *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021) (citing *Li v. Garland*, 13 F.4th 954, 956 (9th Cir. 2021)), considering the "totality of the circumstances and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). "[P]etitioners carry a substantial burden to convince us to overturn a Board decision denying relief on credibility grounds, particularly when the Board has adopted multiple bases for its adverse credibility determination." *Li*, 13 F.4th at 959.

The IJ identified meaningful inconsistencies within Liu's testimony, and between Liu's testimony and his supporting documents. Liu sought relief because

---

[1] When the BIA adopts and affirms the IJ's decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872, "we review the IJ's decision as if it were the BIA's." *Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir. 2009) (citation omitted).

he claimed (1) that his wife was forced to undergo an involuntary abortion pursuant to China's one-child policy, and (2) that he was persecuted for practicing Christianity. But his testimony to support these claims was internally inconsistent, and inconsistent with his documentary evidence. For example, he gave contradictory statements about the length of his wife's involuntary hospitalization, and his other child's age at the time of the abortion (misstating that a one-year-old was actually a five-year-old). He also gave conflicting answers about the length and timing of his incarceration for practicing Christianity, stating that he was incarcerated for one day but then inconsistently stating that he was incarcerated for one week.[2]

Adverse credibility findings may not be based on "utterly trivial" inconsistencies, but "even minor inconsistencies may have" a "legitimate impact" on credibility. *Shrestha v. Holder*, 590 F.3d 1034, 1043–44 (9th Cir. 2010) (citation omitted). Here, the inconsistencies identified by the IJ are significant enough to constitute substantial evidence supporting the adverse credibility findings. *Id.*; *Mukulumbutu v. Barr*, 977 F.3d 924, 926 & n.1 (9th Cir. 2020). Liu's citation to *Kudryashov v. Sessions*, 728 F. App'x 721 (9th Cir. 2018), is unavailing because that case is both factually distinguishable and non-precedential.

---

[2] Other inconsistencies that the IJ identified are less significant, such as Liu's inability to remember when his passport was issued, and a discrepancy between his and his wife's recall of the month of her abortion.

9th Cir. R. 36-3(a).

The IJ also found that Liu's demeanor indicated a lack of truthfulness. The IJ explained that, several times, Liu "became visibly nervous when questioned about the inconsistenc[i]es in his testimony." This visible nervousness included "indicat[ing] to the [IJ] that he was feeling nervous," "breath[ing] heavily," requesting multiple recesses, and "rubbing his face and temples." The IJ also noted that "all of [Liu's] changes in demeanor occurred when he was questioned about inconsistencies in his testimony."

Credibility determinations based on demeanor are entitled to heightened deference given the limitations of appellate review of a paper record. *Ling Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014) (citing *Jibril v. Gonzales*, 423 F.3d 1129, 1137 (9th Cir. 2005)). A trial judge may consider inordinate nervousness in assessing a witness's credibility. *See id.* (citing *Shrestha*, 590 F.3d at 1042). Here, the IJ explained in sufficient detail why she found Liu to not be credible, and the BIA held that this credibility determination was not clearly erroneous. This conclusion is supported by substantial evidence. *Ling Huang*, 744 F.3d at 1155–56.

Given Liu's inconsistent testimony and demeanor, the IJ's adverse credibility determination is supported by substantial evidence. *Kumar*, 18 F.4th at 1153. And Liu has pointed to nothing beyond his own testimony, and a few documents that the IJ concluded were inconsistent with that testimony, to establish that the agency's

4                                                                    23-2330

denials of asylum and withholding of removal were not supported by substantial evidence. Because the IJ validly determined that Liu's testimony was not credible, Liu is not entitled to asylum or withholding of removal. *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1094 (9th Cir. 2021) (per curiam) (citing *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)).

2.     Liu also argues that substantial evidence does not support the IJ's finding that he is not entitled to CAT protection. Liu relies on his discredited testimony and country condition reports to argue that he is entitled to CAT protection.[3] Because the agency's adverse credibility determination is supported by substantial evidence, to find Liu entitled to CAT protection we would have to find that country reports compel the conclusion that it is more likely than not that Liu would be tortured if removed to the country in question. *Shrestha*, 590 F.3d at 1048–49 (quoting *Almaghzar v. Gonzalez*, 457 F.3d 915, 922–23 (9th Cir. 2006)). The agency's determination that the country reports alone do not compel the conclusion that Liu is entitled to CAT protection is supported by substantial evidence.

---

[3] The IJ also considered whether Liu's documentary evidence was independently sufficient to establish his CAT claim and concluded that it was insufficient to establish that Liu would more likely than not be tortured if he returned to China. Liu did not challenge that determination before the BIA or in this court. Therefore, this issue was not presented to us, and we do not consider it. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–77 (2020) (citation omitted) (explaining that courts normally decide only questions presented by the parties).

Liu cites to no country report evidence properly in the record.[4] He also fails to dispute the IJ's findings that (1) the country reports he provided to the agency do not show a particularized threat of torture, *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) (citation omitted), (2) his wife's demonstrated ability to practice Christianity free from torture undermines his assertion that he is likely to be tortured for practicing his religion, and (3) it is not plausible that police continue to monitor Liu's home nearly a decade after he left the country. Because the BIA's adoption of the IJ's finding that Liu failed to show a likelihood of torture upon return to China is supported by substantial evidence, he is not entitled to CAT protection. *See Shrestha*, 590 F.3d at 1049.

**PETITION FOR REVIEW DENIED.**

---

[4] The U.S. Department of State's 2022 International Religious Freedom Report on China and its 2022 Human Rights Report were not presented to either the BIA or the IJ. The IJ considered older, but not materially different, versions of these documents that Liu submitted in proceedings before the agency.